UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| Donna Cooper,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Student Assistance Corporation,<br><br>　　　　　　Defendant. | Civil Action No.: 4:15-cv-295<br><br>**COMPLAINT**<br>**JURY** |

For this Complaint, the Plaintiff, Donna Cooper, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Donna Cooper ("Plaintiff"), is an adult individual residing in Houston, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Student Assistance Corporation ("SAC"), is a Delaware business entity with an address of 1209 Orange Street, Wilmington, Delaware 19801, and is a "person" as defined by 47 U.S.C. § 153(39).

## **FACTS**

5. Beginning in or around October 2014, SAC called Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

6. When Plaintiff answered the calls, SAC used a prerecorded message requesting a call back from "Charlie Ralph", who is unknown to Plaintiff.

7. Plaintiff does not have an account with SAC.

8. Plaintiff has no business relations with SAC and never requested by an agreement or otherwise that she be contacted.

9. Plaintiff never provided her cellular telephone number to SAC and never provided her consent to SAC to be contacted on her cellular telephone.

10. When calls began, in October 2014, Plaintiff spoke with SAC in an effort to get the calls to stop. Plaintiff advised SAC that she was being called in error and directed SAC to remove her number from the account and to cease all communications with her.

11. Thereafter, despite having been informed of the foregoing, SAC continued to call Plaintiff at a repeated and harassing rate.

12. In November 2014, Plaintiff spoke with SAC again and objected to the ongoing calls. SAC apologized for the calls and promised to stop calling.

13. Thereafter, the calls continued at the annoying and harassing rate as aforementioned.

**COUNT I**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
47 U.S.C. § 227,** *et seq.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Plaintiff never provided her cellular telephone number to SAC and never provided her consent to be contacted on her cellular telephone.

16. Without Plaintiff's consent and over her objection, SAC contacted Plaintiff by using an automatic telephone dialing system and by using a prerecorded or artificial voice on her cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

17. SAC continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by SAC was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from SAC to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. SAC's telephone system has the capacity to store numbers in a random and sequential manner and uses the system to place the calls.

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 2, 2015

Respectfully submitted,

By:  /s/ Jenny DeFrancisco

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424